■ AVERY KNOX, Appellant, v HSBC BANK, USA, Respondent. [791 NYS2d 101]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered February 5, 2004, dismissing the complaint and bringing up for review an order, same court and Justice, entered November 20, 2003, which granted defendant's motion for summary judgment, unanimously affirmed, with costs. Appeal from the November 20, 2003 order unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

While an estate trustee's fiduciary duties to estate beneficiaries persist until the affairs of the estate are finally wound up (*see Matter of Ryan*, 294 NY 85, 96 [1945]), and accordingly defendant trustee would have been obligated to seek court guidance if, in the course of concluding the estate's accounting and distribution, it became aware that plaintiff, the estate's sole beneficiary, was not legally competent, the record establishes that defendant had no notice of this. Indeed, the evidence shows that plaintiff functioned competently for two years as the estate's cotrustee and that bank officials who dealt with plaintiff never witnessed behavior indicative of incompetency. Nor, during the period in question, did any family member take steps to have a guardian appointed for plaintiff. While plaintiff and his mother attest to defendant bank's knowledge of the circumstance that plaintiff suffered from bipolar illness, no evidence was adduced that plaintiff was by reason of such illness incompetent to manage his affairs (*see Blatt v Manhattan Med. Group, P.C.*, 131 AD2d 48, 52-53 [1987]). Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.